# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL R. MAXIM,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>　　　　　　Defendant. | 1:08cv0537 DLB<br><br>ORDER REGARDING APPLICATION<br>FOR FEES<br><br>(Document 39) |

　　　　Plaintiff Cheryl Maxim ("Plaintiff"), through her counsel Manuel D. Serpa ("Counsel"), filed the instant application for fees on August 25, 2011.  Counsel seeks attorney's fees in the amount of $13,599.00 pursuant to 42 U.S.C. § 406(b)(1).

　　　　Defendant Commissioner of Social Security ("Defendant") filed a response to Counsel's request on September 13, 2011.  Defendant has no objection to the fee request.  Doc. 43.

## **BACKGROUND**

　　　　Plaintiff filed her Social Security Complaint on April 18, 2008.  On March 15, 2010, the Court found the decision of the Administrative Law Judge ("ALJ") denying benefits was not supported by substantial evidence.  The Court reversed the ALJ's decision and remanded the case for further proceedings.

　　　　On April 12, 2010, the parties stipulated to the payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,650.48.

On November 19, 2010, ALJ Laura Speck Haven issued a fully favorable decision finding Plaintiff disabled as of October 20, 2001.  Exhibit C to Declaration of Manuel D. Serpa ("Serpa Dec.").  Plaintiff was awarded past-due benefits.  Of this amount, the Commissioner withheld $18,099.00 for attorney fees, which represented 25 percent of the past-due benefits.  Exhibit D to Serpa Dec.

By this application, Plaintiff's counsel requests an award of $13,599.00 for 27 hours of attorney time.  After crediting $4,650.48 received previously pursuant to the EAJA, Counsel requests a net fee of $8,948.52 from the past-due award.

## **DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." *Id.* at 807.  The Court must respect "the primacy of lawful attorney-client fee agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Gisbrecht*, 535 U.S. at 807.  "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  *Id. at 808.*  Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford,* 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced attorney who secured a successful result for Plaintiff. There is no evidence that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, Counsel requests the 25 percent contingent-fee that Plaintiff agreed to at the outset of the representation. Exhibit A to Serpa Dec. The $13,599.00 fee (plus the $4,500.00 previously awarded to Counsel under 42 U.S.C. § 406(a)) is not excessively large in relation to the past-due award of $72,396.00. See Exhibit E to Serpa Dec.; Defendant's Opp'n. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart,* 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

The Court further finds that the requested fees are reasonable when compared to the amount of work Counsel performed before this Court. The Administrative Record was over 850 pages. Counsel prepared and filed a 20-page Opening Brief, which secured a favorable judgment. Counsel submitted a detailed billing statement that supports his request. Exhibit F to Serpa Dec.

///
///
///

**ORDER**

Based on the foregoing, Counsel's section 406(b) Application is GRANTED in the amount of $13,599.00.  This amount should be payable directly to Counsel.  Upon payment, Counsel is directed to refund $4,650.48 to Plaintiff.


IT IS SO ORDERED.

**Dated:    October 7, 2011                       /s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE